UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------x
:
DANIEL RODRIGUEZ, on behalf of himself and :
all others similarly situated, :    **STIPULATION FOR ENTRY OF**
: **CONSENT JUDGMENT**
Plaintiffs, :
: Case No. 1:23-cv-01467
v. :
:
IL BISONTE USA, INC. D/B/A IL BISONTE, :
:
Defendant. :
:
------------------------------------------------------------x

This stipulation is entered into by and between Plaintiff Daniel Rodriguez ("Plaintiff") and Defendant Il Bisonte USA, Inc. ("Defendant") (together, the "Parties"), and made with reference to and in contemplation of the following facts and circumstances:

1. On February 24, 2023, Plaintiff filed a lawsuit in the U.S. District Court for the Eastern District of New York entitled *Rodriquez v. Il Bisonte USA, Inc. d/b/a Il Bisonte,* No. 1:23-cv-01467 (the "Action") alleging that Defendant failed to design, construct, maintain, and operate its website at www.ilbisonte.com (the "Website") to be accessible by Plaintiff and other blind or visually impaired consumers in violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12181 *et seq*., and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code §§ 8-101 *et seq.* (the "Complaint").

2. Defendant denies the material allegations in the Complaint, including all allegations that Defendant is not in compliance with applicable laws with respect to the Website.

3. To avoid the costs, expense, and uncertainty of protracted litigation, the Parties agree to resolve all claims raised in the Complaint. Accordingly, the Parties agree to dismissal of this action and entry of the attached Consent Judgment (**Exhibit 1**) without trial or further

adjudication of any issues of fact or law concerning Plaintiff's claims for injunctive relief or damages.

    IT IS SO STIPULATED between Plaintiff and Defendant that:

    a.    The attached Consent Judgment is entered as the Judgment of the Court.

    b.    The Court shall retain jurisdiction to interpret and enforce this Consent Judgment until the Expiration Date.

    c.    Plaintiff's Complaint is dismissed with prejudice.

Dated: June 23, 2023

STEIN SAKS PLLC

By: *s/Mark Rozenberg*
Mark Rozenberg
Attorneys for Plaintiff DANIEL RODRIGUEZ

Dated: June 20, 2023

BRYAN CAVE LEIGHTON PAISNER LLP

By: /s/ Laurie Belony
Laurie Belony
Attorneys for Defendant IL BISONTE USA, INC.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------x
DANIEL RODRIGUEZ, on behalf of himself and : Case No. 1:23-cv-01467
all others similarly situated, :
:
             Plaintiffs, : **[PROPOSED] ORDER**
:
v. :
:
IL BISONTE USA, INC. D/B/A IL BISONTE, :
:
             Defendant. :
---------------------------------------x

      The Court, having considered the Stipulation for Entry of Consent Judgment ("Stipulation") by Plaintiff Daniel Rodriguez ("Plaintiff") and Defendant Il Bisonte USA, Inc. d/b/a Il Bisonte ("Defendant") (together, the "Parties"), and good cause appearing, ORDERS AS FOLLOWS:

      1.    Judgment is entered in the form of the Consent Judgment attached as **Exhibit 1** to the Parties' Stipulation.

      2.    The Court shall retain jurisdiction to interpret and enforce this Consent Judgment until the Expiration Date.

      3.    Plaintiff's Complaint is dismissed with prejudice.

DATED: _____

                                                   By: _____

**EXHIBIT 1**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------x

DANIEL RODRIGUEZ, on behalf of himself and all others similarly situated,

               Plaintiffs,

v.

IL BISONTE USA, INC. D/B/A IL BISONTE,

               Defendant.

---------------------------------------x

Case No. 1:23-cv-01467

**CONSENT JUDGMENT**

**I.    CONSENT JUDGMENT.**

      1.    This Consent Judgment is entered into as of the Effective Date, as defined below, by and between the following parties: Plaintiff Daniel Rodriguez ("Plaintiff") and Defendant Il Bisonte USA, Inc. d/b/a Il Bisonte ("Defendant"). Plaintiff and Defendant shall hereinafter be collectively referred to as the "Parties" for the purposes and on the terms specified herein.

**II.    RECITALS.**

      2.    Title III of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12181 et seq. ("ADA") and its implementing regulation, 28 C.F.R. part 36, and the New York City Human Rights Law ("NYCHRL") generally prohibit discrimination on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations.

      3.    On February 24, 2023, Plaintiff filed a lawsuit in the U.S. District Court for the Eastern District of New York entitled *Rodriquez v. Il Bisonte USA, Inc. d/b/a Il Bisonte,* No. 1:23-cv-01467 (the "Action") alleging that Defendant failed to design, construct, maintain, and operate its website at www.ilbisonte.com (the "Website") to be accessible by Plaintiff and other blind or visually impaired consumers in violation of the ADA and the NYCHRL(the "Complaint").

4. Defendant denies Plaintiff's allegations and contentions including all allegations that Defendant is not in compliance with all applicable laws with respect to the Website and, by entering into this Consent Judgment, does not admit liability to any of the allegations in Plaintiff's Complaint. The Parties enter into this Consent Judgment for the purpose of resolving this lawsuit without the need for protracted litigation, and without the admission of any liability.

5. To avoid the costs, expense, and uncertainty of protracted litigation, the Parties agree to resolve all claims raised in the Complaint. Accordingly, the Parties agree to the entry of this Consent Judgment without trial or further adjudication of any issues of fact or law concerning Plaintiff's claims for injunctive relief or damages.

6. This Consent Judgment shall be a full, complete, and final disposition and settlement of Plaintiff's claims against Defendant and its past and present owners, parents (including but not limited to Il Bisonte S.p.A.), subsidiaries and affiliates for injunctive relief that has arisen out of the subject Complaint. The Parties agree that there has been no admission or finding of liability or violation of the ADA, the NYCHRL, and/or any other state or federal civil rights laws, and this Consent Judgment should not be construed as such.

7. Plaintiff alleges that Defendant is a private entity that own and/or operates the Website, which is available through the internet to personal computers, laptops, mobile devices, tablets, and other similar technology. Plaintiff contends that the Website is a service, privilege, or advantage of Defendant, thus rendering them public accommodations subject the ADA and business establishments subject to the NYCHRL. Defendant denies that the Website is subject to the ADA or the NYCHRL and that to the extent it is subject to such laws, that Defendant is in violation of such laws.

**III. AGREED RESOLUTION.**

8. Plaintiff and Defendant agree that it is in the Parties' best interests to resolve the Action on mutually agreeable terms without further litigation. Accordingly, the Parties agree to the entry of this Consent Judgment without trial or further adjudication of any issues of fact or law raised in Plaintiff's Complaint. In resolution of this action, the Parties hereby agree to the following:

**IV. DEFINITIONS.**

9. "Effective Date" means the date on which this Consent Judgment is entered on the Court's Docket Sheet following approval by the Court.

10. "Reasonable Efforts" means, with respect to a given goal or obligation, the efforts that a reasonable person or entity in Defendant's position would use to achieve that goal or obligation. Any disagreement by the Parties as to whether Defendant has used Reasonable Efforts as provided for under this Consent Judgment shall be subject to the dispute resolution procedures set forth below in this Consent Judgment. Reasonable Efforts shall be interpreted so as to not require Defendant to undertake efforts whose cost, difficulty or impact on the Website could result in a fundamental alteration in the manner in which the Website operates, or which could result in a significant loss of revenue or traffic on its operations related to the Website.

**VI. TERM.**

11. The term of this Consent Judgment shall commence as of the Effective Date and remain in effect for the latter of: (a) twenty-four (24) months from the Effective Date; or (b) the date, if any, that the regulations are adopted in the Department of Justice's for websites under Title III of the ADA, whichever is later.

**VII. GENERAL NON-DISCRIMINATION REQUIREMENT.**

12. Pursuant to the terms of this Consent Judgment, Defendant:

a. Shall not deny persons with a disability (as defined under the ADA), including Plaintiff, the opportunity to participate in and benefit from the goods, services, privileges, advantages, and accommodations through the Website;

b. Shall use Reasonable Efforts to provide persons with a disability (as defined under the ADA), including the Plaintiff, an equal opportunity to participate in or benefit from the goods, services, privileges, advantages, and accommodations provided through the Website; and

c. Shall use Reasonable Efforts to ensure that persons with a disability (as defined under the ADA), including the Plaintiff, are not excluded, denied services, segregated, or otherwise unable to transact business because of the absence of auxiliary aids and services, through the Website.

**VIII. COMPLIANCE MEASURES.**

13. <u>Web Accessibility Conformance Timeline</u>: Defendant shall ensure consumers equal enjoyment of the goods, services, privileges, advantages, and accommodations provided by and through the Website according to the following timeline and requirements provided that the following dates will be extended in the event that the Department of Justice releases regulations for websites under Title III of the ADA while this Consent Judgment is in effect and which contain compliance dates and/or deadlines further in the future than the dates set forth herein:

a. Within twenty-four (24) months of the Effective Date, Defendant shall use reasonable efforts to improve compliance of the Website with the Web Content Accessibility Guidelines 2.0 Level A and AA Success Criteria ("WCAG 2.0 AA")

to the extent readily achievable or feasible. Should Congress, the Department of Justice, or the United States Supreme Court issue a ruling or final regulation (as applicable) adopting a legal standard for website accessibility that is different from the WCAG 2.0 AA, Defendant shall have twenty-four (24) months from the date of that ruling or final regulation to comply with the different website accessibility standard. Such twenty-four (24) month period shall also be extended due to delays caused by labor delays, pandemic delays, supply shortages, technical delays, or other events out of Defendant's control.

b.  Defendant shall not be responsible for ensuring that third party content or plug-ins that are not owned by Defendant, but are otherwise located on the Website are accessible or otherwise conform to WCAG 2.0 AA (or, the different standard if a different standard is adopted).

c.  If Defendant determines at any time during the twenty-four (24) month period beginning on the Effective Date that it no longer needs or desires to continue operating the Website, it may do so without violating this Consent Judgment.

## V. SPECIFIC RELIEF TO PLAINTIFF.

14.  Plaintiff and Defendant have agreed to settle all matters relating to costs, damages, attorneys' fees, experts' fees, other financial matters, relating to any alleged inaccessibility of the Website through a separate, confidential agreement (the "Settlement Agreement"). The Settlement Agreement shall be provided to the Court in camera for inspection and review if the Court so requires in order to extend its enforcement jurisdiction over the terms of the Settlement Agreement.

## VI. DISPUTE RESOLUTION.

15.  The procedures set forth in the following Paragraphs must be exhausted in the event

that Plaintiff, or any other person to whose benefit this Agreement is intended to inure under Section 25, alleges that Defendant has failed to meet its obligations pursuant to this Consent Judgment. There will be no breach of this Consent Judgment by Defendant in connection with such allegations until the following procedures have been exhausted.

16.     If a party believes that the other party hereto has not complied in all material respects with any provision of the Consent Judgment, that party shall provide the other party with written notice of non-compliance containing the following information: (a) the alleged act of non-compliance; (b) a reference to the specific provision(s) of the Consent Judgment that is not being complied with in all material respects; (c) a statement of the remedial action sought by the initiating party; and (d) a reasonably detailed statement of the specific facts, circumstances and legal argument supporting the position of the initiating party. The party will notify Defendant in writing after the dates for compliance set forth herein if the party believes that the Website is in any way not compliant with this Consent Judgment. All notifications must include reasonable detail and shall be made in the manner set forth below.

17.     Within thirty (30) days of receiving notice of non-compliance, the other party will respond in writing to the notice. Within thirty (30) days of receipt of the response, each party will meet by telephone, or in person, in an attempt to informally resolve the issue.

18.     If the issue remains unresolved within thirty (30) days of the telephonic or in-person meeting, the parties will each have an additional thirty (30) days to reach an amicable resolution of the dispute before seeking court enforcement.

19.     There will be no breach of this Consent Judgment unless Defendant fails to remedy the issue using Reasonable Efforts within a reasonable period of time of not less than one hundred and twenty days (120) days of a party initiating these dispute resolution procedures. If a reasonable

time using Reasonable Efforts to remedy the items alleged not to be usable is longer than one hundred and twenty days (120) days, then the parties may agree on a longer time period.

20. Any of the time periods set forth in this section may be extended by mutual agreement of the parties and/or by order of the Court.

21. Any notice or communication required or permitted to be given to the parties hereunder shall be given in writing by email and by via certified mail or overnight express delivery, addressed as follows:

> STEIN SAKS PLLC
> Mark Rozenberg
> One University Plaza, Suite 620
> Hackensack, NJ  07601
> Phone: (201) 282-6500
> mrozenberg@steinsakslegal.com
> *Attorneys for Plaintiff*
>
> BRYAN CAVE LEIGHTON PAISNER LLP
> Steven M. Stimell
> 1290 Avenue of the Americas
> New York, NY 10104
> Phone: (212) 541-2000
> smstimell@bclplaw.com
> *Attorneys for Defendant*

## VII. MODIFICATION.

22. Except as otherwise provided herein, no modification of this Consent Judgment shall be effective unless in writing and signed by authorized representatives of all Parties, and approved of by the Court.

## VIII. ENFORCEMENT AND OTHER PROVISIONS.

23. This Consent Judgment contains the entire agreement of the Parties concerning the subject matter described herein, other than the terms of the Settlement Agreement, and no other statement, promise, or agreement, either written or oral, made by any party or agent of any party,

that is not contained in this Consent Judgment, and concerns the subject matter described herein, shall be enforceable, other than the Settlement Agreement.

24. If any provision of this Consent Judgment is determined to be invalid, unenforceable, or otherwise contrary to applicable law, such provision shall be deemed restated to reflect as nearly as possible and to the fullest extent permitted by applicable law its original intent and shall not, in any event, affect any other provisions, all of which shall remain valid and enforceable to the fullest extent permitted by applicable law.

IX. **PERSONS BOUND AND INTENDED THIRD PARTY BENEFICIARIES.**

25. The Parties to this Consent Judgment expressly intend and agree that this Consent Judgment shall inure to the benefit of all persons with a disability as defined by the ADA and/or NYCHRL, indicating those who utilize a screen reader to access the Website, which disabled persons shall constitute third-party beneficiaries to this Consent Judgment.

26. The signatories represent that they have the authority to bind the respective parties, Plaintiff and Defendant, to this Consent Judgment.

XIV. **RETENTION OF JURISDICTION.**

27. This Court shall have continuing jurisdiction to interpret and enforce this Consent Judgment until the Expiration Date.

Dated: June 14, 2023        By: __Daniel Rodriguez__ (Digitally signed by Daniel Rodriguez, Date: 2023.06.14 00:05:23 -04'00')
                                  Daniel Rodriguez ("Plaintiff")

Dated: June 19, 2023        By: _____
                                  Il Bisonte USA, Inc. ("Defendant")
                                  By: Luigi Ceccon
                                  Its: President & CEO

8

Approved as to form:
Dated: ~~May \_\_\_\_, 2023~~

June 14, 2023

STEIN SAKS PLLC

By: *s/Mark Rozenberg*
    Mark Rozenberg
*Attorneys for Plaintiff Daniel Rodriguez*

Dated: June 20, 2023

BRYAN CAVE LEIGHTON PAISNER LLP

By: */s/ Laurie Belony*
    Laurie Belony
*Attorneys for Defendant Il Bisonte USA, Inc.*

9